IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01287-BNB

DANIEL G. WATSON,

    Applicant,

v.

PAMELA PLOUGHE, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Daniel G. Watson, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Watson initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Mesa County, Colorado, district court case number 01CR1007. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On July 7, 2010, Magistrate Judge Craig B. Shaffer ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). The July 7 order permitted Mr. Watson to file a reply within twenty-one days of the filing of the pre-answer response. On July 26, 2010, Respondents filed their pre-answer response. Mr. Watson has not filed a reply.

The Court must construe liberally Mr. Watson's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. The Court will dismiss the action for the reasons stated below.

On June 26, 2002, Mr. Watson pleaded guilty in Mesa County District Court case number 01CR1007 to second degree assault on a peace officer. On August 7, 2002, he was sentenced to twelve years in the DOC, plus mandatory parole. Mr. Watson did not appeal directly from his conviction or sentence.

On December 6, 2002, Mr. Watson filed a postconviction motion for reduction of sentence pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied on June 25, 2003. On July 15, 2005, Mr. Watson filed a Colo. R. Crim. P. 35(c) postconviction motion, alleging that his trial counsel was ineffective and that he did not knowingly enter his guilty plea. At the hearing held on the motion on June 20, 2006, Mr. Watson withdrew the motion without litigating his claims. On October 20, 2008, Mr. Watson filed another Colo. R. Crim. P. 35(c) motion, asserting claims related to ineffective assistance of counsel, invalid entry of a guilty plea, and newly discovered evidence. On November 14, 2008, the trial court denied the motion as successive because Mr. Watson abandoned his claims in the prior Colo. R. Crim. P. 35(c) proceeding and because it was untimely filed. The Colorado Court of Appeals affirmed. *See People v. Watson*, No. 08CA2551 (Colo. Ct. App. Dec. 10, 2009)

(answer, ex. B). On April 5, 2010, the Colorado Supreme Court denied certiorari review (answer, ex. F).

On May 20, 2010, Mr. Watson submitted the instant application to this Court, which filed the application on June 3, 2010. Mr. Watson asserts three claims:

> (1) He did not enter his guilty plea knowingly, voluntarily, and intelligently due to "diminished mental capacity." 28 U.S.C. § 2255 application at 5.
>
> (2) He received ineffective assistance of counsel when his defense attorney did not "actively pursue" the question of his diminished mental capacity. *Id.* at 6.
>
> (3) The trial court improperly denied his second postconviction motion under Colo. R. Crim. P. 35(c) on grounds that it was successive and time-barred. *Id.*

The Court notes at the outset that Mr. Watson's third claim does not allege a violation of federal constitutional law. A federal habeas court is limited to deciding whether a conviction violated "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Therefore, the third claim is not cognizable in this habeas corpus action.

Respondents contend that this action is barred by the one-year limitations period in 28 U.S.C. § 2244(d). However, Respondents' argument neglects to take into consideration the forty-five days during which Mr. Watson could have appealed from the June 25, 2003 denial of his Colo. R. Crim. P. 35(b) motion, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b) and, therefore,

relied on flawed calculations. Therefore, the Court will not address further Respondents' time-bar argument. Instead, the Court will focus on Respondents' remaining arguments concerning Mr. Watson's exhaustion of state remedies.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

4

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents contend that Mr. Watson failed to exhaust his first and second claims in state court. The Court agrees. Mr. Watson did not appeal directly from the judgment of conviction. Although it is not completely clear what claims Mr. Watson raised in his two Colo. R. Crim. P. 35(c) postconviction motions, it is clear that he failed to exhaust whatever claims he raised. Mr. Watson withdrew his first Colo. R. Crim P. 35(c) motion before the trial court ruled on the motion, and the trial court denied his second Colo. R. Crim. P. 35(c) motion as time-barred, a decision affirmed on appeal.

Although Mr. Watson failed to exhaust state court remedies for his first and second claims, the Court may not dismiss these claims for failure to exhaust state remedies if Mr. Watson no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claims would be denied as successive under Colo. R. Crim. P. 35(c)(3) because they were or could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII). Therefore, the Court finds that the first and second claims Mr. Watson failed to exhaust are procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Watson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Watson must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Watson first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr.

6

Watson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Watson fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Watson has failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the first and second claims that Mr. Watson failed to exhaust are procedurally barred and must be dismissed.

Accordingly, it is

ORDERED that the third claim asserted by Applicant, Daniel G. Watson, is dismissed as not cognizable in a federal habeas corpus action. It is

FURTHER ORDERED that the first and second asserted claims are dismissed as procedurally barred. It is

FURTHER ORDERED that the habeas corpus application is denied, and the action is dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __10th__ day of __September__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01287-BNB

Daniel G. Watson
Prisoner No. 114275
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

Ryan A. Crane
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/13/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk